[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This motion raises the question of enforceability of forum selection clauses. The defendant has filed a motion to dismiss for improper venue based upon a forum selection clause in the purchase agreement between the parties.
Paragraph 6 of the agreement contains in small print the following language: "This Purchase Order shall be governed by and construed in accordance with the laws of the State of CT Page 11225 Florida, and any legal proceedings arising out of this Order shall be instituted only in the appropriate courts within the State of Florida, County of Dade, the parties hereby intending to create venue for any action instituted."
The parties submitted affidavits and a copy of the purchase agreement, but did not offer testimony on the motion to dismiss. In deciding a motion to dismiss, the complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217. The plaintiff's affidavit alleges that while she initially contacted Classic Motor Carriages when she was in Florida, no purchase or sale transaction was discussed at that time, and that the defendant's agents later solicited the transaction by mail and telephone to the plaintiff at her home in Connecticut. The offer to purchase was accepted in a telephone call to the plaintiff in Connecticut on February 20, 1992 when she was instructed to immediately transmit the signed purchase agreement by facsimile in order to complete the transaction, which had to be completed the same day. The plaintiff signed and transmitted the completed purchase agreement to the defendant's Florida office. The defendant has not offered evidence to contradict these facts.
Originally, forum selection clauses were against public policy in Connecticut. Parker, Peebles Knox v. El Saieh,107 Conn. 545, 557-559. This concept has changed so that parties to a contract may now agree in advance that disputes arising between them shall be determined by a particular tribunal or to submit to the jurisdiction of a particular court. United States Trust Co. v. Bohart, 197 Conn. 34, 42; Fairfield Lease Corporation v. Romano's Auto Service, 4 Conn. App. 495,498.
While improper venue may be raised by a motion to dismiss under sections 142 and 143(3) of the Connecticut Practice Book, the claim does not go to subject matter jurisdiction, but rather it is a claim that the court, which otherwise has personal jurisdiction over the defendant, should decline to exercise it under the circumstances. Emlee Equipment Leasing Corporation v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 577-78; Dan Perkins Chevrolet v. Auto Tell Services, Inc., 7 CSCR 468, 469 (1992). Connecticut follows the rule that absent a showing of fraud or overreaching, forum selection clauses will be enforced by CT Page 11226 the courts. United States Trust Co. v. Bohart, supra, 42, quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1,10-12, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). "When the court selected is reasonably appropriate, and where there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements.'" Fairfield Lease Corporation v. Romano's Auto Service, supra, 498.
Most jurisdictions now adopt the position that forum selection provisions limiting the place or court in which a future action may be brought are not invalid per se, and such provisions are enforceable if, upon consideration of the facts of each case, they are found to be reasonable. 31 ALR 4th 404, 415; Restatement, Conflict of Laws, Sec. 80. As a result, a forum selection clause is enforced unless one of the parties shows that enforcement would be unreasonable and unjust or that the cause was invalid for such reasons as fraud or overreaching. The Bremen v. Zapata Off-Shore Co., supra. Modern day commercial realities and expanding international trade are compelling reasons why a freely negotiated private agreement containing a forum selection clause should be enforced where it is unaffected by fraud, undue influence or unequal bargaining power. Id. The other consideration is that while the courts should give effect to freely negotiated contractual provisions, the parties to litigation cannot by agreement oust a state of judicial jurisdiction.
Where there is no state statute limiting forum selection clauses, they are usually enforced under the reasonableness test now recognized in Connecticut in United States Trust Co v. Bohart, supra, 42 and Fairfield Lease Corporation v. Romano's Auto Service, supra, 498, unless one of several situations exists: (1) the choice of foreign provision is unfair or unreasonable; (2) the provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means, which allows consideration whether the provision is contained in an adhesion or take it or leave it contract which the party was compelled to accept without argument or discussion; (3) the courts of the chosen state are closed to the suit or would not handle it effectively or fairly; or (4) the chosen state is so seriously an inconvenient forum that it is unjust to require the plaintiff CT Page 11227 to bring suit there. Restatement, Conflict of Laws, Sec. 80, comment c. Forum selection clauses are generally enforced where the parties are sophisticated investors. TUC Electronics, Inc. v. Eagle Telephonics, Inc., 698 F. Sup. 35
(D.C. Conn. 1988); Luce v. Edelstein, 802 F.2d 49 (2nd Cir. 1986).
A forum selection clause requiring an action to be brought in Florida was upheld where one of the parties was a Florida corporation, the contract was a freely negotiated commercial contract between two corporations, and was not a contract of adhesion. Hauenstein Bermeister, Inc. v. Met-Fab Industries, 320 N.W.2d 886 (Minn. 1982). On the other hand, a forum selection clause in a contract to purchase a computer was not enforced in Horning v. Sycom,556 F. Sup. 819 (Ed. Ky. 1983) where the plaintiff discovered upon receiving the computer that it was not functioning properly, there was a disparity of bargaining power for the forum selection clause, and it was very inconvenient for the plaintiff-buyer, a small businessman, to litigate the dispute in Wisconsin. Other states have also rejected forum selection clauses where they seriously impair the plaintiff's ability to pursue the cause of action. Ray Gaines, Inc. v. Essential Construction Co., 261 F. Sup. 715 (D.C. Md. 1966); Lexington Investment Co. v. Southwest Stainless, Inc.,697 F. Sup. 139 (S.D. N.Y. 1988); Nelson v. Master Lease Corp.759 F. Sup. 1397 (D.C. Minn. 1991); Exum v. Vantage Press, Inc.,17 Wash. App. 477, 563 P.2d 1314, 1315 (1977). In this case, the complaint alleges that the plaintiff paid the full contract price of $7,760 to the defendant for automotive parts which were never delivered. This smacks of fraud, and it is unreasonable for the court to require the plaintiff, a Connecticut resident, to litigate in Florida to get her money back.
Several cases refuse to enforce forum selection clauses where they are boiler plate in a contract, rather than a term negotiated between the parties, particularly where a provision is contained in an adhesion or take it or leave it contract. Couch v. First Guaranty, Ltd., 578 F. Sup. 331
(N.D. Tex. 1984); Tandy Computer Leasing, Division of Tandy Electronics, Inc. v. Terina's Pizza, Inc., 784 P.2d 7 (Nev. 1989) (small print on back of one page agreement); Cutter v. Scott Fetzer Co., 510 F. Sup. 905 (E.D. Wis. 1981); Ernest Norman Hart Bros, Inc. v. Town Contractors, Inc., 18 Mass. App. CT Page 11228 60, 463 N.E.2d 355 (1984).
There were no negotiations here between the parties as to the terms of the contract, the provision was buried in small print among sixteen other clauses under a heading "Limited Warranty" and the plaintiff was pressured into an immediate purchase by representations that the deal was good for one day only. Enforcement of the forum selection clause is unreasonable in this situation.
The motion to dismiss is denied.
Robert A. Fuller, Judge