[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO DISMISS NO. 108 AND NO. 109
On January 17, 1995, the plaintiff, Alcaide, Inc. (Alcaide), filed a notice of prejudgment remedy against the defendant, RW Granger Sons, Inc. (Granger), seeking a $35,000 attachment. On February 17, 1995, this court conducted a prejudgment remedy hearing in which it granted Alcaide an attachment in the amount of $35,000. Both Alcaide and Granger, through counsel, appeared at the hearing. On March 13, 1995, Granger filed a motion to substitute a bond for the prejudgment remedy. On May 5, 1995, Granger returned the process to the court. On May 30, 1995, Granger filed an appearance form with the clerk.
The complaint alleges that Granger failed to pay Alcaide for paving services rendered. Alcaide seeks damages for Granger's breach of contract, recovery under a theory of quantum meruit and compensation for an alleged violation of CUTPA, General Statutes § 42a-110b.
On June 16, 1995, Granger filed a motion to dismiss on the ground that the court lacks personal jurisdiction over it. CT Page 12190 Granger argues that the contract that controls this transaction contains a forum selection clause that mandates that all actions be commenced in Massachusetts. The preprinted contract that the parties allegedly were acting under, at paragraph 15.1, recites that "[Alcaide] . . . agrees to submit to the jurisdiction of the courts of the Commonwealth of Massachusetts and that it shall not commence any legal proceeding against [Granger] . . . other than in a court of competent jurisdiction in the Commonwealth of Massachusetts." Granger postulates that the foregoing quoted material requires the court to dismiss this action.
On July 13, 1995, Alcaide filed a memorandum in opposition to the motion to dismiss. Attached to the memorandum is the affidavit of Ray Boa, a principal at Alcaide, that indicates Boa never negotiated any of the terms of the contract. It was simply a preprinted document that he spontaneously signed. Boa further recites that the paving business at the time the parties entered into the contract was quite scarce and as a result he felt compelled to enter into the contract. Further, Alcaide attaches the transcript of the prejudgment remedy hearing wherein Granger presented to the court the same forum selection clause argument that it now reformulates in its motion to dismiss. At the hearing, the court denied Granger's oral motion to dismiss on the basis that the "particular paragraph in a form contract under the circumstances of this particular case, is insufficient to bar a pursuit of Granger in this state." Transcript 40. Based on these arguments, Alcaide suggests that the forum selection clause is invalid and does not deprive the court of personal jurisdiction over Granger.
The purpose of a motion to dismiss is to contest the court's jurisdiction. Practice Book § 142. "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). In ruling on the motion to dismiss the court construes the complaint most favorably to the plaintiff. Duguayv. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). A motion to dismiss on the ground that a forum selection clause precludes the court from hearing the case contests the court's personal jurisdiction over the defendant. Emlee Equipment LeasingCorporation v. Waterbury Transmission Inc., 41 Conn. Sup. 575,577-78, 595 A.2d 951, 3 Conn. L. Rptr. 711 (1991), aff'd in part and rev'd in part on other grounds, 31 Conn. App. 455, 626 A.2d 307 (1993). CT Page 12191
Granger argues that this court has no personal jurisdiction over it based on the forum selection clause boiler plate contained in the parties' preprinted form contract.
"As a general rule, `parties to a contract may agree in advance to submit to the jurisdiction of a given court. . . .'United States Trust Co. v. Bohart, supra, 197 Conn. 42, quotingNational Rental v. Szukhent, 375 U.S. 311, 315-16 [84 S.Ct. 411,11 L.Ed.2d 354] (1964)." Dan Perkins Chevrolet v. Auto TellServices, Inc., 6 Conn. L. Rptr. 690, 691 (March 17, 1992) (Flynn, J.). The forum selection clause will be upheld if, based on the facts of the case, it is found to be reasonable. Clarkson v.Classic Motor Carriages, Inc., 8 Conn. L. Rptr. 160, 8 CSCR 95, 96 (1992) (Fuller, J.). If the clause is unreasonable or unjust, it will be disregarded. Id. Further, "[s]everal cases [have] refuse[d] to enforce forum selection clauses where they are boiler plate in a contract, rather than a term negotiated between the parties, particularly where a provision is contained in an adhesion or take it or leave it contract." Id.
In the present case, Mr. Boa recites in his affidavit that there were no negotiations concerning the choice of forum clause. It is apparent that the contract is a preprinted document that Granger uses in many of its construction transactions as evidenced by the two contracts that were admitted during the prejudgment remedy hearing. They are for two distinct jobs but contain the exact same boiler plate language. Boa also avers that the availability of paving contracts was quite sparse when he entered this transaction with Granger. Simply put, Boa contends that Alcaide had no choice but to execute the document. Moreover, the subject matter of this contract is in Connecticut, the school driveway that Alcaide paved was in Connecticut, the contract was negotiated in Connecticut and it would not be burdensome for Granger to defend this action in Connecticut since it is a Massachusetts corporation that has apparent business ties with this area.
Based on the foregoing, the unnegotiated boiler plate forum selection clause contained in the parties' contract is unreasonable and it would be inequitable to enforce it under the circumstances of this case. Compare Clarkson v. Classic MotorCarriages, Inc., supra, 8 Conn. L. Rptr. 160, 8 CSCR 96 (motion to dismiss denied where forum selection clause was unnegotiated boiler plate and the deal was take it or leave it). CT Page 12192
Accordingly, the court denies Granger's motion to dismiss.