[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 1, 1996
In this case the plaintiff seeks a prejudgement remedy in the form of an attachment of the defendant's residence. The suit is based on a judgment obtained by the plaintiff against the defendant and others on November 3, 1993 in the Superior Court of Marin County, California for $37,231.18.
The judgment in California was obtained by default in appearance. Hence, the summary procedures of the Uniform Enforcement of Judgments Act, General Statutes § 52-604,52-605, do not apply. The plaintiff has proceeded, as it must, by bringing this common law action on the California judgment. General Statutes § 52-607; Seaboard Surety Co. v. Waterbury,38 Conn. Sup. 468, 471 (1982).
Although admitting the California judgment, the defendant vigorously denies that it is enforceable in Connecticut. Nine special defenses are asserted. In the court's view, however, only the first special defense is material to whether probable cause exists that the plaintiff will obtain a judgment for the amount requested in its motion. The first special defense reads as follows:
 The writ, summons and complaint used to obtain the default judgment against the defendant was not properly served upon the defendant. Plaintiff did not obtain jurisdiction over defendant and the judgment forming the basis of the complaint is not enforceable.
An examination of the file reveals that the plaintiff's suit in California was against the defendant and a corporation. The gravamen of the claim against the defendant was that the corporation had defaulted in payments due on an equipment lease and that the defendant had personally guaranteed the corporation's performance. Service of the papers in the California action was accomplished in Connecticut by Jordan Rubin of Action Process and Subpoane Co., Inc. located in Union, New Jersey. In his return of service, Mr. Rubin states that he made personal service by personally delivering copies of the summons and the complaint to the defendant at 4 Yowago Avenue, Branford, Connecticut. The date of service is represented to be October 14, 1991 and the time 7:30 a.m.
In the guarantee, the defendant unconditionally guaranteed and promised to perform on demand all of the obligations of the lessee in the equipment lease. Material to the issue of whether a CT Page 6311 prejudgment attachment should issue is the language of the forum-selection clause in the guaranty that reads:
 This guaranty shall be governed by and construed under the laws of the State of California. It is agreed that exclusive jurisdiction and venue for any legal action between the parties arising out of this guaranty shall be in the Superior Court for Marin County, California.
The jurisdiction that the defendant alleges did not exist in California is jurisdiction of his person; an item that may be created through consent or waiver. Bridgeport v. Debek, 210 Conn. 175,180 (1989). Connecticut Courts, as a matter of state law, have, in the absence of fraud or overreaching, upheld contractual provisions where parties have agreed in advance to submit to the jurisdiction of a particular court. United States Trust Co. v.Bohart, 197 Conn. 34, 38, 41-42 (1985); Fairfield LeaseCorporation v. Romano's Auto Service, 4 Conn. App. 495, 498
(1985); Fairfield Lease Corporation v. Windsor Coin Op, Inc.,29 Conn. Sup. 514, 515 (1972); Auitana Bankgenossenschaft v. Perren,21 Conn. Sup. 5, 8, 9, 11 (1957). The same situation prevails in California. "Parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . While subject matter jurisdiction cannot be conferred by consent, personal jurisdiction can be so conferred, and consent may be given by a contract provision." Berard Construction Co, Inc. v. MunicipalCourt of the Los Angeles Judicial District, 122 Cal.Rptr. 825,832 (Cal.App. 1975).
Several of the Connecticut cases and the California case cited above refer to National Equipment Rental, Ltd. v. Szukhent,375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), and M/S Bremenv. Zapata Off-Shore Company, 407 U.S. 1, 92 S.Ct. 1907,32 L.Ed.2d 513 (1972). In National Equipment, the parties' contract for the lease of farm equipment to the defendants in Michigan provided that "[t]his agreement shall be deemed to have been made in Nassau County, New York . . . and shall be interpreted and the rights of the parties here determined, in accordance with the laws of the State of New York." Pursuant to the contract, the lessees appointed a particular person in New York `as agent for the purpose of accepting service of any process within the State of New York." When the plaintiff sued for breach of the lease in the federal court in New York, the agent was served and she promptly transmitted the summons and complaint to the defendants. CT Page 6312 In overruling the Court of Appeals, the Supreme Court described as "settled" the proposition that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether. 375 U.S. at 315-16. The court did say, however, that "[a] different case would be presented if [the agent] had not given prompt notice to the [defendants]."
M/S Bremen, supra involved the towing of an off-shore drilling rig from Louisiana to the Adriatic coast of Italy. Included in the contract was a forum-selection clause that "any dispute arising must be treated before the London Court of Justice." The courts below had held that a forum selection clause would not be enforced unless the selected site would provide a more convenient forum than the jurisdiction where the suit was brought. In upholding both the effect and the application of the forum selection clause at issue, the Supreme Court noted that such a clause could be unreasonable and thus unenforceable if the chosen forum was found to be seriously inconvenient for the trial of the case. 407 U.S. at 16.
The forum-selection cases with their prior choice of where a suit will be brought differ from those cases where a forum seeks to assert jurisdiction over an out-of-state defendant who has not consented to suit there through a long-arm statute. The teaching of National Equipment Rental, Ltd. v. Szukhent and M/S Bremen v.Zapata Off-Shore Company is that where the forum-selection clauses have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not contravene due process requirements. Burger King Corporation v.Rudzewicz, 471 U.S. 462, 472-73 n. 14, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985).
Our Supreme Court has discussed forum-selection in the context of foreseeability and fairness described by it as the twin touchstones of due process. United States Trust Co. v.Bohart, supra at 411. Foreseeability, in this context, refers to the probability of being hauled into court in the selected forum should a contractual dispute arise. Fairness means that jurisdiction may not be asserted in such a way as to make litigation so gravely difficult and inconvenient that a party will be at a severe disadvantage in comparison to his opponent.Id. at 42.
The provision at issue includes procedural as well as CT Page 6313 substantive aspects of California law. According to papers filed, the defendant was personally served with a summons and a copy of the complaint in the California action as permitted by § 415.10 of that state's Code of Civil Procedure. Torgersen v.Smith, 98 Cal.Rptr., 781, 783 (1979). Such service is effective and satisfied the due process requirement of notice, although in the absence of consent, such service would be totally ineffective. Fairfield Lease Corporation v. Windsor Coin Op,Inc., supra at 515-16: DeDood v. Pullman Co., 57 F.2d 171, 172
(1932). As the court understands the defendant's arguments, however, their thrust is not to the lack of service, but, rather, to what the defendant perceives as failings in both foreseeability and fairness, two questions of fact. United StatesTrust Co. v. Bohart, supra at 42.
According to the defendant's brief, foreseeability cannot be established because a waiver of his constitutional right to in personal jurisdiction, not based on consent, has not been shown. The court disagrees with the premise that a contractual provision whereby a party consents to be sued elsewhere requires the showing of a knowing and voluntary waiver in the constitutional sense. See New Haven v. Local 88, Council 4, AFSCME, AFL-CIO,237 Conn. 378, 387 (1996): Torosyan v. Boehringer IngelheimPharmaceutical, Inc., 234 Conn. 1, 5 (1995). Moreover, the defendant's lack of understanding or knowledge of the forum-selection provision has to be established by evidence. Parenthetically, the provision appears by itself, printed in letters of the same size as every other provision of the guarantee and close to the end of the document and the defendant's signature line. cf. Clarkson v. Classic MotorCarriages, Inc. 8 CONN. L. RPTR. 160. 8 CSCR 95, 96 (1992) (forum selection clause buried in small print among sixteen other clauses under the heading "Limited Warranty").[1] And in the absence of contrary facts, the law conclusively imputes knowledge of the content of a written contract to its signatories. Adam v.Consolini, 135 Conn. 321, 324 (1949).
The defendant contends that a lack of fairness exists because the forum selected was California despite the location in Connecticut of the leased equipment. The residence in Connecticut of the lessee and the presence in Connecticut of the lessor. An allegation in the defendant's brief is that "While the plaintiff is based in California, it is registered with the Secretary of State for the State of Connecticut and is authorized to do business in Connecticut." Assuming the plaintiff's status as a CT Page 6314 registered foreign corporation is correctly stated, neither it alone nor in conjunction with the location of the equipment and the residence of the lessee provide reasons, at this juncture, for the court to rule that the California judgment is unenforceable. The criteria, satisfaction of which might conceivably lead to a conclusion that the California judgment is not entitled to full faith and credit, is predicated upon proof of specific facts. E.g. Fairfield Lease Corporation v. Romano'sAuto Service, supra at 498-99.
Under the Full Faith and Credit clause of the federal constitution, the judgment of another state must be presumed valid and the burden of proving a lack of jurisdiction in the court of rendition is upon the party attacking the judgment.Pecker Plastics v. Laundon, 214 Conn. 52, 56-57 (1990). The plaintiff has established probable cause for its claim. A prejudgment attachment is ordered in the amount of $37,231.18.[2]
BARNETT, J.