[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #120
On May 15, 1996, the plaintiff, Michael Gazo, filed an eleven count complaint against multiple defendants arising out of an alleged slip and fall on ice and snow in front of property owned by defendant Chase Manhattan Bank, N.A. One defendant, Joseph Pierni, Jr., d/b/a Pierni Construction, the snow removal contractor, has filed a motion to strike counts nine, ten and eleven of the plaintiffs complaint. Count nine sounds in absolute public nuisance. Count ten sounds in public nuisance arising out of negligence. And, count eleven sounds in breach of contract.
The defendant's motion is based on the grounds that "the CT Page 3919 plaintiff has failed to state a claim for absolute public nuisance as a matter of law . . . and has failed to state a claim for breach of contract as a matter of law. . . ."[1]
The court is mindful of the fact that the defendant has filed a motion to strike counts nine, ten, and eleven. However, as mentioned above, the defendant states, as grounds for the motion, that the plaintiff fails to plead the requisite elements of absolute public nuisance and breach of contract (counts nine and eleven). "A trial court in passing upon a motion to strike should not consider grounds other than those specified." Meredith v.Police Commissioner, 182 Conn. 138, 141, 438 A.2d 27 (1980). Count ten is not a cause of action sounding in absolute public nuisance or breach of contract. Therefore, at the outset, the motion to strike count ten of the complaint must be denied.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"A public nuisance exists if: (1) the condition complained of has a natural tendency to create danger and inflict injury upon person or property; (2) the danger created is a continuing one; (3) the use of the land is unreasonable or unlawful; and (4) the condition or conduct complained of interferes with a right common to the general public." Keeney v. Town of Old Saybrook,237 Conn. 135, 162-63, 676 A.2d 795 (1996). "If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator is strictly liable." Quinnett v. Newman,213 Conn. 343, 568 A.2d 786 (1990).
In the present case, the plaintiff alleges, in paragraph 14 of the ninth count of the complaint, that the accumulation of ice and snow "constituted an absolute public nuisance in that: a) it had a natural tendency to create danger and inflict injury upon persons such as the plaintiff; b) the danger created was a continuing one; c) the use of the land was unreasonable or unlawful since it violated a municipal ordinance; d) the CT Page 3920 condition or conduct interfered with a right common to the general public; e) it was intentionally created by the defendant as set forth in [p]aragraph 14 although the defendant may not have intended the resultant harm; and f) the condition and/or conduct was the proximate cause of the plaintiff's injuries and damages."
The court is concerned with two parts of the above quoted paragraph. First, the plaintiff alleges in paragraph 14 that the nuisance was "intentionally created by the defendant as set forthin [p]aragraph 14." Nowhere within paragraph 14, however, does the plaintiff plead how the nuisance was intentionally created.
Second, the allegation that "the condition or conduct [of which the plaintiff complains] interfered with a right common to the general public" is a conclusion of law. "A motion to strike does not admit legal conclusions . . . stated in the pleading at which the motion is directed." Fairfield Lease Corp. v. Romano'sAuto Service, 4 Conn. App. 495, 497, 495 A.2d 286 (1985). Specifically, the plaintiff does not plead the common public right with which the defendant interfered.
The ninth count of the complaint is legally insufficient to maintain a cause of action sounding in absolute public nuisance. Therefore, the motion to strike count nine is granted.
The defendant argues that the eleventh count should be stricken because the plaintiff is not a third-party beneficiary of the contract between the defendant Pierni and the defendant Bank. Thus, according to the defendant, the plaintiff cannot maintain a cause of action for breach of contract. The plaintiff argues that he is an intended beneficiary of the contract between the defendants.
"The proper test to determine whether a [contract] creates a third party beneficiary relationship is whether the parties to the [contract] intended to create a direct obligation from one party to the [contract] to the third party. . . ." (Citations omitted.) Gateway Co. v. DiNoia, 232 Conn. 223, 231, 654 A.2d 342
(1995).
Here, the plaintiff alleges the existence of a contract between the defendant and the defendant Bank. Then, the plaintiff alleges that he "is a third party beneficiary of the aforesaid contract." Again, the plaintiff has improperly pleaded a legal CT Page 3921 conclusion without factual support. See Fairfield Lease Corp. v.Romano's Auto Service, supra, 4 Conn. App. 497. Most notably, the plaintiff fails to plead the existence of an intent to create an obligation from any defendant to the plaintiff.
The eleventh count of the plaintiff's complaint is legally insufficient. Therefore, the defendant's motion to strike count eleven of the complaint is granted.
In conclusion, the defendant's motion to strike counts nine and eleven of the complaint is granted and the defendant's motion to strike count ten of the complaint is denied.
So Ordered.
MINTZ, J.