FAIRFIELD LEASE CORPORATION *v.* ROMANO'S AUTO
SERVICE ET AL.
(2651)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued April 3—decision released July 16, 1985

*Richard P. Weinstein,* for the appellants (defendants).

*Irving B. Shurberg,* for the appellee (plaintiff).

SPALLONE, J. This action was brought by the plaintiff to enforce a judgment by default rendered by a New York court in an action based upon a commercial lease agreement. The lease provided that all actions arising out of the agreement were to be litigated only in courts located in New York and that the lessee agreed to the jurisdiction of those courts. The lease also provided that the lessee waive personal service in favor of service by registered mail.

The defendants counterclaimed in the present action asserting that the New York court lacked jurisdiction to render judgment against them because the consent to jurisdiction clause in the lease was unconscionable. The plaintiff moved to strike the counterclaim on the ground that unconscionability should have been raised as a defense to the action in New York and is not a basis upon which to collaterally attack that judgment. The trial court granted the plaintiff's motion to strike and rendered summary judgment for the plaintiff. The defendants now appeal from the granting of the plaintiff's motion to strike and the rendering of summary judgment. We find no error.

"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. See Ballentine's Law Dictionary (3d Ed.) p. 279." *Wallingford* v. *Glen Valley Associates, Inc.*, 190 Conn. 158, 160, 459 A.2d 525 (1983); see *Conservation Commission* v. *Price*, 193 Conn. 414, 433, 479 A.2d 187 (1984). A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim. Practice Book § 152.

In our review of the trial court's striking of the defendant's counterclaim, we must determine whether the facts expressly pleaded and those which could

necessarily be implied and fairly proved under the allegations set forth therein would support a cause of action if the defendant had sued the plaintiff in a separate action. See *Schmidt* v. *Yardney Electric Corporation,* 4 Conn. App. 69, 74, 492 A.2d 512 (1985). In arriving at our determination, we are mindful that "a motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading at which the motion is directed. [*Greene* v. *Metals Selling Corporation,* 3 Conn. App. 40, 42, 484 A.2d 478 (1984)]; 1 Stephenson, Conn. Civ. Proc. § 116 (c)." *Sheiman* v. *Lafayette Bank & Trust Co.,* 4 Conn. App. 39, 42, 492 A.2d 219 (1985).

A judgment of one state will be recognized and given the force of a judgment in another only if the court purporting to render the original judgment had the power, that is, jurisdiction, to render such a judgment. *Williams* v. *North Carolina,* 325 U.S. 226, 229, 65 S. Ct. 1092, 89 L. Ed. 1577 (1945); *Krueger* v. *Krueger,* 179 Conn. 488, 491, 427 A.2d 400 (1980). "[E]very presumption favors the jursidiction of a court; *Six Carpenters, Inc.* v. *Beach Carpenters Corporation,* 171 Conn. 1, 6, 372 A.2d 123 (1976); and the regularity of its processes. *Jensen* v. *Nationwide Mutual Ins. Co.,* 158 Conn. 251, 260, 259 A.2d 598 (1969). The modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal. James & Hazard, Civil Procedure (2d Ed. 1977) § 13.16, esp. 695–97; Restatement (Second), Judgments § 15 (Tent. Draft No. 5 1978)." *Monroe* v. *Monroe,* 177 Conn. 173, 177–78, 413 A.2d 819 (1979); *Meinket* v. *Levinson,* 193 Conn. 110, 114, 474 A.2d 454 (1984). Consequently, "[a] subsequent challenge to subject matter jurisdiction, when that issue

was not actually litigated in the prior action, is authorized only if the litigant can show that 'the tribunal's excess of authority was plain or has seriously disturbed the distribution of governmental powers or has infringed a fundamental constitutional protection.' 1 Restatement (Second), Judgments § 12, comment d; 2 Restatement (Second), Judgments § 69; *Vogel* v. *Vogel,* [178 Conn. 358, 362–63, 422 A.2d 271 (1979)]." *Meinket* v. *Levinson,* supra, 114–15.

The sole ground upon which the defendants claim that the New York court acted in excess of its authority is that the consent to jurisdiction clause in the lease was unconscionable. Parties to a contract may make it part of their arrangement that disputes arising between them shall be determined by a particular tribunal. The parties may agree "to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." *National Equipment Rental, Ltd.* v. *Szukhent,* 375 U.S. 311, 316, 84 S. Ct. 411, 11 L. Ed. 2d 354 (1964); see *Insurance Corporation of Ireland, Ltd.* v. *Compagnie Des Bauxites de Guinee,* 456 U.S. 694, 703–704, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982); *The Bremen* v. *Zapata Off-Shore Co.,* 407 U.S. 1, 10–11, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). When the court selected is reasonably appropriate, and where there is no indication that "the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements." James & Hazard, Civil Procedure (2d Ed. 1977) § 12.21.

"[T]he question of unconscionability is a matter of law to be decided by the court based on all the facts and circumstances of the case." *Iamartino* v. *Avallone,* 2 Conn. App. 119, 125, 477 A.2d 124 (1984); see *Hamm* v. *Taylor,* 180 Conn. 491, 493, 429 A.2d 946 (1980). Superior bargaining power in itself is not enough to

strike down a resultant contract as unconscionable. Additional elements must be present, such as, "a lack of meaningful choice as in the case of an industry wide form contract heavily weighted in favor of one party and offered on a take it or leave it basis, or [exploitation] by a stronger party who has control of the negotiations due to the weaker party's ignorance, feebleness, unsophistication as to interest rates or similar business concepts or general naivete." Calamari & Perillo, Contracts (2d Ed.) § 9-40, p. 326.

The counterclaim alleges that the lease was a "boiler plate agreement" and is unconscionable and unenforceable. It contains no allegations of fact as to the commercial setting in which the lease was entered or the relative bargaining power of the parties. It merely shows that the defendants entered into a lease for a coffee machine, that the lease contained a provision by which the lessee consented to jurisdiction of the courts of New York, and that the plaintiff, "upon information and belief," had obtained a default judgment against the defendant. Beyond this, its allegations are conclusions of law. Absent sufficient alleged facts to support these conclusions, the counterclaim is subject to a motion to strike. *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 285–86, 449 A.2d 986 (1982); *Sheiman* v. *Lafayette Bank & Trust Co.,* supra, 46.

There is no merit in the defendants' claim that the trial court erred in rendering summary judgment for the plaintiff. "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979). . . . When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affi-

davit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant. *Rusco Industries, Inc.* v. *Hartford Housing Authority,* 168 Conn. 1, 51, 357 A.2d 484 (1975)." *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11–12, 459 A.2d 115 (1983).

Here, the motion for summary judgment was accompanied by an affidavit of the president of the plaintiff company, who stated that on January 11, 1982, the plaintiff had obtained a judgment in New York in the amount of $1905.94. Attached to the affidavit was a copy of the transcript of that judgment. The defendants did not submit a counteraffidavit or attack the plaintiff's affidavit as insufficient in form, or as made in bad faith, or that facts essential to justify their opposition were unavailable. Practice Book §§ 381 through 383; *Bartha* v. *Waterbury House Wrecking Co.,* supra, 12. The trial court was entitled to rely upon the affidavit before it.

There is no error.

In this opinion the other judges concurred.