[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION UPON RECONSIDERATION OF PLAINTIFF'S MOTION FORSUMMARY JUDGMENT
By Memorandum of Decision dated October 25, 1994 this court denied the plaintiff's Motion for Summary Judgment on the grounds that the defendant had established an issue of fact with respect to the validity of the forum selection clause contained in an Indemnification and Security Agreement (Agreement) allegedly signed by the defendant. The Agreement contained a clause whereby the defendant agreed to submit to the jurisdiction of the Supreme Court of New York. On February 23, 1993 the plaintiff, Fidelity and Deposit Company of Maryland (FD), recovered a default judgment against the defendant. FD instituted this action on the judgment and thereafter moved for summary judgment on the grounds that the New York judgment was valid and enforceable under the full faith and credit clause of the United States Constitution. The defendant claimed that the New York judgment was invalid because his agreement to invest in the Colonial Constitution Limited Partnership, which included his entering into the Agreement with the plaintiff, was induced by fraud.
This court denied the Motion for Summary Judgment on the grounds advanced by the defendant, that is, that the defendant had CT Page 8288 created an issue of fact which, if proved, could establish that the overall transaction was induced by fraud. The following excerpt from the decision indicates that factual allegations upon which the court relied:
 In his affidavit in opposition to summary judgment the defendant states that he was induced by a Mr. Giansanti, a frequent customer in the defendant's restaurant, to invest in the Colonial Constitution Limited Partnership. He further states that he is Greek, does not read English very well, is not very sophisticated in financial matters and rarely borrows money. Mr. Giansanti told him that his investment was guaranteed and pressured him to "buy right away." The defendant's affidavit further states that he signed the documents in connection with the Colonial Realty investment in reliance on misrepresentations made by agents, servants, or employees of Colonial, including misrepresentations concerning income projections for the investment property which were known to be unreasonably high or false when made, and misrepresentations concerning the net worth of the principals of Colonial who guaranteed a return on his investment. The affidavit also states that FD was on notice of the aforementioned fraud before it bonded the investor notes such as the one signed by Panagopoulos and that FD knew that its underwriting agent, American Financial Underwriters, was threatened with extinction if it did not close the Colonial Constitution transaction and had "compelling motivation" to bond the Colonial investors' notes notwithstanding the facts and circumstances putting it on notice of the fraud.
On January 30, 1995 this court granted FD's Motion for Reconsideration limited to the following issue:
 whether the defendant can avoid the effects of the forum selection clause merely by alleging fraud in the inducement of the overall contract as opposed to showing that the inclusion of the clause itself was the product of fraud.
In Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 495 A.2d 286 (1985), the Court stated: CT Page 8289
 Parties to a contract may make it part of their arrangement that disputes arising between them shall be determined by a particular tribunal. The parties may agree `to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.' National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); see Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 703-704, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). When the court selected is reasonably appropriate, and where there is no indication that "the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements." James Hazard, Civil Procedure (2d Ed. 1977) 12.21.
4 Conn. App. at 498.
In Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14,94 S.Ct. 2449, 41 L.Ed.2d 279 (1974), the United States Supreme Court expanded upon its prior decision in The Bremen v. Zapata Off-ShoreCo., 407 U.S. 1, 10-11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and stated that:
 In The Bremen we noted that forum-selection clauses "should be given full effect" when "a freely negotiated private international agreement [is] unaffected by fraud. . . ." (citation omitted). This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion. (Emphasis in original) 417 U.S. 519, n. 14.
In Fairfield Lease Corporation v. Pratt, 6 Conn. Cir. 537, 278 A.2d 154 (1971), the court found that the contract in question was unenforceable because it was unconscionable, nevertheless, the court implicitly found that the choice of law provision contained in the contract was enforceable, when it applied the law of the CT Page 8290 state of New York in accordance with that provision.
The decision in Pratt is consistent with the general rule, as summarized in comment c to the Restatement (Second) of Conflict of Laws § 201, that a contract defense of fraud will not deny effect to a choice of law provision unless "the misrepresentation, undue influence or mistake was responsible for the [choice of law] provision" itself.
In Clarkson v. Classic Motor Carriages, Inc., No. 310929, 8 CONN. L. RPTR. 160 1992 Westlaw 393181 at 2 (Conn.Super.Ct. 1992) (Fuller, J.), the court stated that in the absence of a statute limiting forum selection clauses they are now enforced under a reasonableness test unless one of the following situations exists:
 (1) the choice of foreign provision is unfair or unreasonable; (2) the provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means, which allows consideration whether the provision is contained in an adhesion or take it or leave it contract which the party was compelled to accept without argument or discussion; (3) the courts of the chosen state are closed to the suit or would not handle it effectively or fairly; or (4) the chosen state is so seriously an inconvenient forum that it is unjust to require the plaintiff to bring suit there. Restatement, Conflict of Laws, Sec. 80, comment c.
It appears from the foregoing that in order for fraud to invalidate the forum selection clause in a contract, the fraud must be with respect to the inclusion of the clause itself, and not merely with respect to the transaction as a whole. The Affidavit of the defendant contains many allegations which raise an issue of fact with respect to the existence of fraud as to the overall investment in the Colonial Constitution Limited Partnership. This court relied upon those allegations in denying the plaintiff's Motion for Summary Judgment.
Based on this reconsidered analysis of the type of fraud necessary to invalidate the forum selection clause in the Agreement, the court must determine whether the defendant has presented any evidence with respect to fraud as to the inclusion of the forum selection clause. The defendant's Affidavit also contains the following: CT Page 8291
 9. Mr. Giansanti brought the documents relating to Constitution to my restaurant. He was the only other person present when I signed whatever documents I signed in connection with Constitution. I only signed documents on one occasion.
 10. I am Greek and I do not read English very well. I was unable to understand the documents I was told to sign. Mr. Giansanti kept telling me that there was nothing to worry about.
 11. I am not very sophisticated in financial affairs and I very rarely borrow money. Mr. Giansanti assured me that there was nothing to worry about, and told me that I had to sign the documents the same day he brought them to me.
"Pursuant to Practice Book 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts'. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact'. . . Practice Book 381. `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-106, 639 A.2d 507 (1994).
The factual allegations regarding the circumstances surrounding the defendant's signing of the Agreement could establish merely that the defendant signed the documents even though he was aware that he did not understand them. However, taken in a light most favorable to the defendant, those allegations could constitute proof of fraud by clear and convincing evidence as required under the law of this state. See Verrastro v. MiddlesexIns. Co., 207 Conn. 179, 182, 540 A.2d 693 (1988); Fichera v. MineHill Corporation, 207 Conn. 204, 215, 541 A.2d 472 (1988); Alaimov. Royer, 188 Conn. 36, 39, 448 A.2d 207 (1982). They could establish that Mr. Giansanti was advised by the defendant that he did not read or understand English very well and after being so advised represented to the defendant that the documents which he was signing contained 1) nothing to worry about, and 2) that the defendant was required to sign the documents that day. The first representation was clearly untrue and the second representation may CT Page 8292 well have been untrue.
Based on the foregoing, this court's prior ruling denying the Motion for Summary Judgment of the plaintiff is not changed.