[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION UPON RECONSIDERATION OF PLAINTIFF'S MOTIONFOR SUMMARY JUDGMENT
On October 25, 1995 this court granted a the plaintiff's Motion for Summary Judgment as to the defendant. Thereafter, the defendant brought to the court's attention that it had entered summary judgment against him without viewing his Supplemental Affidavit. After viewing that affidavit this court granted the defendant's Motion to Reconsider, and denied the Motion for Summary Judgment as to the defendant on the grounds that the defendant had established an issue of fact with respect to the validity of the forum selection clause contained in an Indemnification and Security Agreement (Agreement) allegedly signed by the defendant. The Agreement contained a clause where by the defendant agreed to submit to the jurisdiction of the Supreme Court of New York. On February 23, 1993 the plaintiff, Fidelity and Deposit Company of Maryland (FD), recovered a default judgment against the defendant. FD instituted this action on the judgment and thereafter moved for summary judgment on the grounds that . . . the New York judgment was valid and enforceable under the full faith and credit clause of the United States Constitution. The defendant claimed that the New York judgment was invalid because his agreement to invest in the Colonial Constitution Limited Partnership, which included his entering into the Agreement with the plaintiff, was induced by CT Page 8293 fraud.
This court denied the Motion for Summary Judgment on the grounds advanced by the defendant, that is, that the defendant had created an issue of fact which, if proved, could establish that the overall transaction was induced by fraud.
On January 30, 1995 this court granted FD's Motion for Reconsideration limited to the following issue:
 whether the defendant can avoid the effects of the forum selection clause merely by alleging fraud in the inducement of the overall contract as opposed to showing that the inclusion of the clause itself was the product of fraud.
In Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,495 A.2d 286 (1985), the Court stated:
 Parties to a contract may make it part of their arrangement that disputes arising between them shall be determined by a particular tribunal. The parties may agree `to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether.' National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 316, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); see Insurance Corporation of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee, 456 U.S. 694, 703-704, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). When the court selected is reasonably appropriate, and where there is no indication that `the parties had such greatly disproportionate bargaining power that the agreement could be regarded as unconscionable, the tendency is to give effect to such agreements.' James Hazard, Civil Procedure (2d Ed. 1977) 12.21.
4 Conn. App. at 498.
In Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n. 14,94 S.Ct. 2449, 41 L.Ed.2d 279 (1974), the United States Supreme Court expanded upon its prior decision in The Bremen v. Zapata Off-ShoreCo., 407 U.S. 1, 10-11, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and CT Page 8294 stated that:
 In The Bremen we noted that forum-selection clauses "should be given full effect" when "a freely negotiated private international agreement [is] unaffected by fraud . . . ." (citation omitted). This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion. (emphasis in original) 417 U.S. 519, n. 14.
In Fairfield Lease Corporation v. Pratt, 6 Conn. Cir. 537, 278 A.2d 154 (1971), the court found that the contract in question was unenforceable because it was unconscionable, nevertheless, the court implicitly found that the choice of law provision contained in the contract was enforceable, when it applied the law of the state of New York in accordance with that provision.
The decision in Pratt is consistent with the general rule, as summarized in comment c to the Restatement (Second) of Conflict of Laws § 201, that a contract defense of fraud will not deny effect to a choice of law provision unless "the misrepresentation, undue influence or mistake was responsible for the [choice of law] provision" itself.
In Clarkson v. Classic Motor Carriages, Inc., No. 310929, 1992 Westlaw 393181 at 2 (Conn.Super.Ct. 1992, Fuller, J.), the court stated that in the absence of a statute limiting forum selection clauses they are now enforced under a reasonableness test unless one of the following situations exists:
 (1) the choice of foreign provision is unfair or unreasonable; (2) the provision was obtained by fraud, duress, the abuse of economic power or other unconscionable means, which allows consideration whether the provision is contained in an adhesion or take it or leave it contract which the party was compelled to accept without argument or discussion; (3) the courts of the chosen state are closed to the suit or would not handle it effectively or fairly; or (4) the chosen state is so seriously an inconvenient forum that it is unjust to CT Page 8295 require the plaintiff to bring suit there. Restatement, Conflict of Laws, Sec. 80, comment c.
It appears from the foregoing that in order for fraud to invalidate the forum selection clause in a contract, the fraud must be with respect to the inclusion of the clause itself, and not merely with respect to the transaction as a whole. The Supplemental Affidavit of the defendant contains many allegations which raise an issue of fact with respect to the existence of fraud as to the overall investment in the Colonial Constitution Limited Partnership. This court relied upon those allegations in denying the plaintiff's Motion for Summary Judgment.
Based on this reconsidered analysis of the type of fraud necessary to invalidate the forum selection clause in the Agreement, the court must determine whether the defendant has presented any evidence with respect to fraud as to the inclusion of the forum selection clause. The defendant's Supplemental Affidavit also contains the following:
6. I was induced by fraud to invest in Constitution and to sign whatever documents I signed in connection with that investment.
7. The share in Constitution was sold to me by Ralph Giansanti, a financial advisor through whom I had purchased mutual funds. I trusted his advice based upon my previous experience with him.
8. Mr. Giansanti put a great deal of pressure on me to buy this share. He made several trips to my body shop, which was located quite a distance away from his office. He assured me that my money was guaranteed and based upon my trust in him I agreed to buy the share.
9. Mr. Giansanti never explained to me any of the documents I signed. He told me that there was nothing to worry about.
"Pursuant to Practice Book 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' The party seeking summary judgment `has the burden of showing the absence of any genuine issue as to all the material facts' and the party opposing such a motion must provide an CT Page 8296 evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book 381. `In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-106, 639 A.2d 507 (1994).
Even taken in a light most favorable to the defendant, the factual allegations regarding the circumstances surrounding the defendant's signing of the Agreement do not constitute proof of fraud by clear and convincing evidence as required under the law of this state. See Verrastro v. Middlesex Ins. Co., 207 Conn. 179,182, 540 A.2d 693 (1988); Fichera v. Mine Hill Corporation,207 Conn. 204, 215, 541 A.2d 472 (1988); Alaimo v. Royer, 188 Conn. 36,39, 448 A.2d 207 (1982). They establish that the person who sold the defendant his interest in the Constitution Limited Partnership put "pressure" on him to invest. However, such pressure was not employed in the sale of a necessary consumer item such that the defendant had no effective ability to refuse to sign the Agreement.
The allegations surrounding the defendant's execution of the Agreement do not establish that the salesman engaged in fraudulent conduct to prevent the defendant from reading what he signed, or to mislead him into thinking he was signing a different document. Rather, they emphasize the defendant's lack of knowledge as to what he was signing. However, under the law of this state a person is presumed to know the contents of a document he signs. Fasano v.Meliso, 146 Conn. 496, 152 A.2d 512 (1959).
The defendant has failed to raise a material issue of fact as to the validity of the forum selection clause in the Agreement. Therefore, the New York Court did have jurisdiction to enter judgment against the defendant and summary judgment is hereby granted in favor of the plaintiff.
By the Court, Aurigemma, J.