[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
CT Page 4726
On October 22, 1997, the plaintiff, First Union National Bank, brought this foreclosure action against the defendants, John S. Karls and Andrea B. Karls.[1] These defendants have filed two identical counterclaims sounding in libel. Specifically, the defendants complain that the plaintiff has "published in writing to credit agencies the false information that defendants have not made the contractual payments to the mortgagee in a timely manner." The plaintiff has filed a motion to strike the counterclaims on several grounds. The only ground that need be considered by the court is that "the [c]ounterclaim fails to arise from the same transaction as the underlying foreclosure."
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985).
"Practice Book § 116 provides, in pertinent part, `any defendant may file counterclaims against any plaintiff . . . provided that such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint.' The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim]. A court must consider whether a substantial duplication of effort would result if each claim was decided separately. . . ." Source One v. Dziurzynski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145337, 17 CONN. L. RPTR. 29 (May 22, 1996, Hickey, J.).
"An analysis of those cases recognizing . . . counterclaims [to foreclosure actions] suggest that they are proper only when they . . . attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage. . . ." (Citations omitted; internal quotation marks omitted.) Source One v. Dziurzynski, supra, Superior Court, Docket No. 145337, 17 CONN. L. RPTR. 29.
In the present case, the defendants, in their counterclaim, do not attack the note itself. Rather, the defendants are complaining about the plaintiff's conduct. The motion to strike the defendants' CT Page 4727 counterclaims, therefore, is granted.
The court notes that the defendants have filed a document entitled "Amended Counterclaim for Libel." This document does not comply with the Practice Book rules for filing amended pleadings. See Practice Book § 176. As such, the amendment will not be considered by this or future courts.
Further, the defendants have filed two answers and counterclaims. One is entitled "the Answer of the Defendants, By Their Attorney." The other pleading is entitled "the Answer of the Defendants, Pro Se." This method of pleading is nowhere recognized in the Practice Book. Care should be taken to remedy the problems in the file. And, the defendants ordered to comply with the Practice Book in the future.[2]
HICKEY, J.