[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On November 28, 1995, the plaintiff, Mercantile Bank of St. Louis, filed the present complaint in foreclosure against the defendants, Doreen T. Hurowitz and Larry Steven Hurowitz (the defendants). The plaintiff alleges that on March 30, 1987, the defendant Doreen T. Hurowitz became indebted in the amount of $210,000 to Citicorp Person-To-Person Financial Center of Connecticut, Inc. The defendant Doreen T. Hurowitz executed a promissory note in favor of Citicorp Person-To-Person, which promissory note was secured by a mortgage on real property in Wallingford, Connecticut. The plaintiff further alleges that the mortgage was assigned to Citicorp Mortgage Inc. which reassigned the mortgage to the present plaintiff. The plaintiff further alleges that the defendant Doreen T. Hurowitz defaulted on the April 1, 1994 payment and that said default has not been cured. The plaintiff has given notice of the present foreclosure action by causing a lis pendens to be filed on the town of Wallingford land records.
On March 11, 1997, the defendants filed an amended answer with twelve special defenses and a sixteen-count counterclaim.
On July 8, 1998, the plaintiff filed a motion to strike the defendants' special defenses and counterclaims and two memoranda of law in support. The defendants have filed a memorandum in opposition.
"Whenever a party wishes to contest . . . the legal sufficiency of . . . a special defense, . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39. "In ruling on the . . . motion to strike, the trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992). CT Page 5248
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotations marks omitted.) Danbury v. Dana Investment Corp.,249 Conn. 1, 17, ___ A.2d ___ (1999).
The plaintiff moves to strike all twelve of the defendants' special defenses on the ground that they are "neither valid nor legally sufficient defenses to a foreclosure action."
The defendants argue in opposition that each of their special defenses is legally sufficient because each "[attacks] the making, validity or enforcement of a modification of the note and mortgage, and thus the underlying loan documents. . . ."
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration." (Citations omitted; internal quotation marks omitted.) Norwest Mortgage v. Edwards, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 057496 (May 4, 1998, Curran, J.) (22 Conn.L.Rptr. 123, 124). Additionally, under certain circumstances, inconsistent conduct on the part of the mortgagee may be deemed as a waiver of a right to accelerate the debt. See Christensen v. Cutaia, 211 Conn. 613,619-20, 560 A.2d 456 (1989).
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.)Rinere v. M. Kalfus Building Design Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 388220 (January 30, CT Page 5249 1997, Celotto, S.T.R.); see Dime Savings Bank of New York, FSB v.Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
The defendants allege in their first special defense that the plaintiff misrepresented its intent to abide by a written stipulation agreement. Specifically, the defendants acknowledge that they defaulted on the subject note and that the plaintiff filed a prior foreclosure action on or before June 8, 1993. The defendants allege that the matter was resolved by written stipulation wherein the defendants agreed to make forbearance payments from October 1, 1993 through April 1, 1994 to cure the default. The defendants allege that the plaintiff agreed to reinstate and refinance the note at an "affordable rate." The defendants allege that they made payments pursuant to the agreement but that the plaintiff failed to reinstate or refinance the note. The defendants additionally allege that the plaintiff delayed applying the forbearance payments to the note for12-15 months, which delay caused interest, late charges and penalties to accrue against the defendants. The defendants conclude that the plaintiff's representations that it would reinstate and refinance the note and mortgage were untrue and that said representations were made to induce the defendants to make payments that the plaintiff would not have been entitled to under the note. The defendants further conclude that they relied to their detriment on said misrepresentations by making the payments and has been damaged.
In their second special defense, the defendants reallege the allegations of their first special defense and conclude that said conduct constitutes a breach of the plaintiff's obligation of good faith and fair dealing under the common law.
In their third special defense, the defendants reallege the allegations of the first special defense and conclude that said conduct constitutes a breach of the plaintiff's obligation as set forth under the Uniform Commercial Code (UCC); General Statutes § 42a-1-203.
In their fourth special defense, the defendants reallege the allegations of the first special defense and conclude that said conduct constitutes a breach of the plaintiff's duties under the stipulation agreement to refinance and/or modify the note.
In their fifth special defense, the defendants reallege the allegations of the first special defense and conclude that by virtue of the plaintiff's activities, the plaintiff is estopped from enforcing the subject note. CT Page 5250
In their sixth special defense, the defendants reallege the allegations of the first special defense and conclude that the plaintiff has violated the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110 (b).
In their seventh special defense, the defendants reallege the allegations of the first special defense and conclude that the plaintiff has failed to exercise reasonable care in its transactions with the defendants, specifically, in its failing to apply the defendants' forbearance payments at the time that they were made.
In their eighth special defense, the defendants reallege the allegations of the first special defense and conclude that the plaintiff has committed a constructive fraud upon the defendants.
In their ninth special defense, the defendants reallege the allegations of the first special defense and conclude that the plaintiff's failure to disclose the balance due on the subject note made it impossible for the defendants to perform their obligations under the note, mortgage and stipulation agreement.
In their tenth special defense, the defendants reallege the allegations of the first special defense and conclude that the plaintiff has breached its fiduciary duties to the defendants.
In their eleventh special defense, the defendants reallege the allegations of the first special defense and conclude that they constitute a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO); 18 U.S.C. § 1961 et seq.
In their twelfth special defense, the defendants reallege the allegations of the first special defense and conclude that because the defendants are current on all payments after payment under the forbearance agreement, they are not in default on the subject note and mortgage.
The defendants are incorrect in their argument that each of the special defenses attacks the making, validity or enforcement of the subject note. The defendants present different theories in each of the special defenses, but each of them rests upon the mistaken assumption that the parties' written stipulation agreement worked a modification of the note and mortgage payments. The written stipulation agreement did not work a modification of the subject note and mortgage payments. The stipulation agreement provides, in pertinent part, as follows: "(1) The Note and Mortgage are in full force and effect and have been modified only by this Agreement. . . . CT Page 5251 (4) Defendant and Plaintiff acknowledge and agree that . . . such loan documents remain in full force and effect except as specifically amended herein. (5) Forbearance payments will be paid in strict accordance with the . . . schedule [provided below]." (Defendants' Memorandum in Opposition, Ex. A.) The stipulation agreement modified the note only to the extent of providing that the defendants were to make forbearance payments in accordance with the schedule provided.
At the very most, the stipulation agreement constituted a promise to refinance the defendants' note and mortgage at some future point; (see Defendants' Memorandum in Opposition, Ex. A, Ex. E); but the stipulation agreement was not itself the modification of that note and mortgage except insofar as it prescribed a schedule of forbearance payments. That the modification was to be made at some future point is quite clear because the defendants had to make continued requests of the plaintiff to "commence proceedings to refinance the mortgage and note." (Defendants' Memorandum in Opposition, Ex. C.) See Spicer v. Spicer, 33 Conn. App. 152, 159,634 A.2d 902 (1993), cert. denied, 228 Conn. 920, 636 A.2d 850 (1994) ("Parties may alter any term of an existing contract by entering into a subsequent contract. . . . ") (Citations omitted; internal quotation marks omitted.) Each of the special defenses is also legally insufficient as a special defense to a foreclosure action because each asserts that the plaintiff-lienholder failed to refinance and reinstate the loan. See Rinere v. M. Kalfus Building Design Corp., supra, Superior Court, Docket No. 388220 (finding special defense legally insufficient in foreclosure action where it "attack[s] some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.)) The plaintiff's motion to strike each of the defendants' special defenses is granted.
The plaintiff also moves to strike all sixteen counts of the defendants' counterclaim on the ground that no one of the "counterclaims [arises] out of the same transaction which is the subject of the [complaint]. . . ."
The defendants argue in opposition that "all of the . . . counterclaims set forth the necessary allegations in order to set forth the [causes] of action contained therein."
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citation omitted.) Fairfield Lease Corp. v. Romano'sAuto Service, 4 Conn. App. 495, 496, 495 A.2d 286 (1985); see alsoHome Savings of America v. Newkirk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 150962 (January 5, 1998,Hickey, J.). "Practice Book § 116 [now Practice Book (1998 Rev.) § CT Page 525210-10] provides, in pertinent part, any defendant may file counterclaims against any plaintiff provided that such counterclaim and cross-claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. The test is whether judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action, are thwarted rather than served by the filing of a [counterclaim]." (Brackets in original.) Home Savings of Americav. Newkirk, supra, Superior Court, Docket No. 150962.
"An analysis of those cases recognizing . . . counterclaims [to foreclosure actions] suggest[s] that they are proper only when they . . . attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted defenses and counterclaims based on factors outside of the note or mortgage. . . ." (Citations omitted; internal quotation marks omitted.) Id.
The defendants substantially reallege the allegations made in the first special defense and bring counterclaims sounding in misrepresentation (first count); negligent misrepresentation (second count); breach of the common law duty of good faith and fair dealing (count three); breach of the duty of good faith and fair dealing under the UCC; General Statutes § 42a-1-203 (count four); breach of contract (count five); negligence (count six); constructive fraud (count seven); violation of the Truth-in-Lending-Act (TILA);15 U.S.C. § 1601 et seq. (count eight); breach of fiduciary duty (count nine); violation of RICO (count ten); violation of CUTPA based on the plaintiff's misrepresenting that it would reinstate and refinance the note (count eleven); violation of CUTPA based on the plaintiff's violation of the common law duty of good faith and fair dealing (count twelve); violation of CUTPA based on violation of TILA (count thirteen); violation of CUTPA based on breach of fiduciary duty (count fourteen); violation of CUTPA based on violation of RICO (count fifteen); and violation of CUTPA based on the plaintiff's continued threats of foreclosure after the defendants made all forbearance payments. The defendants allege that said threats caused them to suffer emotional harm (count sixteen).
None of the claims made in the sixteen counts of the counterclaim "[asserts] any connection with the subject of the foreclosure action and as such . . . [none of the claims] arise[s] out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Citizens Mortgage Corp. v. Perez, Superior Court, judicial district of Danbury, Docket No. 319220 (November 2, 1995, Stodolink,J.). Each of the counts in the counterclaim attacks an act or CT Page 5253 procedure of the plaintiff-lienholder as each alleges that the plaintiff-lienholder failed to refinance and reinstate the note and mortgage. The court grants the defendants' motion to strike the plaintiff's sixteen-count counterclaim.
___________________ Donald W. Celotto Judge Trial Referee