[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#116)
I. Factual and Procedural Background
On March 8, 1999, the plaintiff, Thomas F. Brown, a practicing attorney, filed a complaint against his former client, the defendant, Paul A. Loomis, for the collection of unpaid legal fees. On March 8, 2000, Loomis filed an amended counterclaim against Brown sounding in a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq.
The amended counterclaim alleges the following. Beginning April 2, 1997, Brown performed legal services for Loomis in three different matters, including a divorce action, a neglect action and an action against the Connecticut Department of Children and Families (DCF). With respect to each of these matters, Brown never formalized a written retainer agreement. Nor did he discuss such an agreement or the amount of his fees with Loomis, who did not know Brown's billing rate. Moreover, Brown informed Loomis that his action against DCF would cover the legal costs for the divorce and neglect actions.
Brown subsequently allowed legal fees to accumulate in the amount of $30,000 without Loomis' knowledge and billed him for this amount. The amended counterclaim alleges that Brown's actions were contrary to General statutes § 52-251c, Rule 1.5(b) of the Rules of Professional Conduct (Rule 1.5(b)) and public policy and, further, constituted unfair and deceptive practices in the conduct of trade or business in violation of § 42-110a, et seq.[1]
On March 20, 2000, Brown filed a motion to strike the amended counterclaim on the ground that it does not state a legally sufficient CUTPA cause of action and an accompanying memorandum of law. On April CT Page 9166 13, 2000, Loomis filed an objection and supporting memorandum of law. In response, on May 8, 2000, Brown filed a memorandum in reply. For the reasons stated herein, the motion to strike is granted.
II. Standard
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim. . . ." (Citations omitted; internal quotation marks omitted.) FairfieldLease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citation omitted; emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,588, 693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Bhinder v. SunCompany, Inc., 246 Conn. 223, 226, 717 A.2d 202 (1998).
III. Discussion
Brown argues that the amended counterclaim should be stricken because it fails to allege a legally sufficient public policy violation necessary to support a CUTPA claim as § 52-251c does not apply to the facts of the case and a breach of Rule 1.5(b) may not provide a basis for a civil action. Brown further argues that the amended counterclaim reiterates essentially the same facts and violations of § 52-251c and Rule 1.5(b) contained in a prior special defense and counterclaim, which this court ordered stricken on February 22, 2000. In response, Loomis argues that the allegations of the amended counterclaim support a violation of § 52-251c, Rule 1.5(b) and CUTPA.
Section 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "CUTPA applies to the conduct of attorneys. . . ." (Citation omitted; internal quotation marks omitted.)Beverly Hills Concepts, Inc. v. Schatz Schatz, Ribicof Kotkin,247 Conn. 48, 79, 717 A.2d 724 (1998). It only applies, however, to the "entrepreneurial aspects of the practice of law." Id. "The entrepreneurial aspects of legal practice include solicitation of business and billing practice, as opposed to claims directed at the competence of and strategy employed" by an attorney. (Citation omitted; internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital,243 Conn. 17, 35-36, 699 A.2d 964 (1997).
In determining whether an act or practice is unfair or deceptive within CT Page 9167 the meaning of CUTPA three factors, termed the cigarette rule, are analyzed: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen." (Citations omitted; internal quotation marks omitted.) Williams Ford,Inc. v. Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212 (1995). "Our Supreme Court has noted that while in certain cases all three criteria set forth in the cigarette rule may be required to be satisfied, generally all need not be satisfied to support a finding of unfairness." (Citation omitted; internal quotation marks omitted.)Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601, 607,602 A.2d 1062 (1992).
The parties' briefs focus on whether the amended counterclaim sufficiently alleges a public policy violation, the first prong of the cigarette rule. As discussed, Brown argues that § 52-251c does not apply to the facts of the case and, therefore, does not support a public policy violation. Section 52-251c pertains to the limitation of attorney contingency fees in personal injury, wrongful death and property damage actions. As noted in this court's previous order to strike Loomis' special defense alleging a violation of the statute, § 52-251c is not applicable to the facts of this case as Brown did not represent Loomis in any of the above-described matters. Rather, he provided representation to Loomis in a divorce and neglect action, as well as an action against DCF. Accordingly, § 52-251c cannot provide the basis for a public policy violation in the present action.
Second, Brown argues that a breach of Rule 1.5(b) may not give rise to a civil action and, therefore, cannot provide the basis for a public policy violation for a CUTPA claim. Rule 1.5(b) provides, in pertinent part, that "[w]hen the lawyer has not regularly represented the client, the basis or rate of the fee, whether and to what extent the client will be responsible for any court costs and expenses of litigation, and the scope of the matter to be undertaken shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation. . .
The preamble to the Rules of Professional Conduct provides, in relevant part, that "[v]iolation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. CT Page 9168 They are not designed to be a basis for civil liability."
As indicated by this court in its previous order to strike the original counterclaim, "the Rules of Professional Conduct do not of themselves give rise to a cause of action, even to an attorney's client." Noble v.Marshall, 23 Conn. App. 227, 231, 579 A.2d 594 (1990).[2] Accordingly, a violation of Rule 1.5(b) cannot provide the basis for a public policy violation under CUTPA.[3]
Although the allegations of the amended counterclaim fall within the entrepreneurial aspects of the practice of law so as to allow for a CUTPA claim, the allegations fail to set forth a sufficient CUTPA public policy violation. "[W]hether a practice is unfair [so as to fall within CUTPA] depends on the finding of a violation of an identifiable public policy." (Emphasis added.) Krawiec v. Blake Manor Development, supra,26 Conn. App. 607. In light of the deficiencies of the public policy violations of § 52-251c and Rule 1.5(b) for purposes of CUTPA in the present matter, the amended counterclaim fails to allege any conduct in contravention of an identifiable public policy. A blanket statement that an act or practice is in violation of public policy is insufficient to state a CUTPA claim as the act or practice must offend "public policy as it has been established by statutes, the common law, or otherwise." Williams Ford, Inc. v.Hartford Courant Co., supra, 232 Conn. 591.
For example, in Rohan v. Rosenblatt, Superior Court, judicial district of Waterbury, Docket No. 116887 (August 13, 1999, Vertefeuille, J.), the court found that the defendant attorney was liable to the plaintiff for charging excessive legal fees under CUTPA because he offended public policy as set forth in the common law regarding an attorney's fiduciary duty to his client. In the present matter, none of the cases Loomis cites in his brief demonstrate that Brown's conduct is in contravention of any public policy as set forth in the common law. Accordingly, Loomis has failed to allege a public policy violation within the ambit of CUTPA.
Additionally, the court cannot infer, from the facts alleged, that Brown s conduct was immoral, unethical, oppressive, or unscrupulous under the second prong of the cigarette rule as the failure to put a fee agreement in writing does not necessarily render the fee unrecoverable. See DeSarbo Reichert v. Cardow, Superior Court, judicial district of New Haven, Docket No. 360368 (December 5, 1996, Hodgson, J.). Nor can the court infer that Brown's conduct caused Loomis substantial injury under the third prong of the cigarette rule as the amended counterclaim does not allege that Brown charged Loomis an unreasonable fee for the services provided. Accordingly, the amended counterclaim fails to state a legally sufficient CUTPA claim. CT Page 9169
IV. Conclusion
Based on the foregoing. Brown's motion to strike the amended counterclaim is granted.
It is so ordered.
By the court,
Gordon, J.