[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 5038
The plaintiff, Paul Bollo, an attorney, commenced this action against a former client, the defendant, William Beckerman, for alleged unpaid legal fees and expenditures. Beckerman answered the complaint and in his revised counterclaim alleges that "as a result of the advise (sic) and legal work performed" by Bollo, Beckerman "incurred additional accounting, legal expenses, tax liabilities in excess of $250,000 as well as being indicted for filing a false and fraudulent tax return."
Bollo has moved to strike the counterclaim on the ground that its allegations are insufficient to support a cause of action against him. A motion to strike is appropriate to challenge legal sufficiency of a counterclaim. Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495 (1985).
 I THE STANDARD OF REVIEW
For the purpose of making a motion to strike, the moving party admits all well pleaded facts. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2 (1994). If a pleading alleges legal conclusions without supporting allegations of fact, it may be subject to being stricken. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). In reviewing a motion to strike, the facts in the pleading must be construed in favor of the pleader. Faulkner v.United Technologies Corp., 240 Conn. 576, 580 (1997). What is necessarily implied in an allegation need not be expressly alleged. Pamela B. v.Ment, 244 Conn. 296, 308 (1998).
 II DISCUSSION
Beckerman's counterclaim incorporates the first six paragraphs of Bollo's complaint to the effect that: (1) Beckerman retained Attorney Bollo to provide legal services with respect to a criminal investigation by the U.S. Attorney's office into tax years 1987-1992; (2) Beckerman agreed to pay for Bollo's services and Bollo rendered legal services to Beckerman; and (3) in conjunction with this rendering of said services [. . . Bollo] engaged the accounting services of [certified] public accountants. The counterclaim continues by alleging that Beckerman provided Bollo and the accountants with cancelled checks in the amount of $663,500, characterized as "loans" to partnerships. The loans became worthless, and it is alleged that Bollo knew, or should have known, they CT Page 5039 were deductible as bad debts. The counterclaim continues that Bollo and the accountants he engaged to assist him oversaw and approved the filing of Beckerman's tax returns which erroneously referred to the $663,500 in payments as deductible contractor expenses, which resulted in a substantial tax liability and penalties. It is alleged, as part of a plea agreement with the Internal Revenue Service, Beckerman hired new accountants and legal counsel and filed an amended tax return characterizing the $663,500 as bad debts and thereby reducing the tax liability substantially. As a result, it is alleged, of Bollo's advice and legal work, Beckerman suffered damages.
Bollo contends that the counterclaim alleges he provided legal services but does not allege that he was retained to provide accounting services and does not allege that he had any role in preparing or filing the tax returns.
This court finds that the critical allegation is that Bollo, not Beckerman, hired accountants and that Bollo oversaw and approved the filing of an erroneous return. The preparation of a tax return may involve legal as well as accounting questions. The fact that it is alleged by Bollo as well as Beckerman that Bollo was retained to provide legal services in connection with a criminal tax investigation necessarily implies that legal issues were involved in connection with Beckerman's tax affairs. Whether Bollo performed his legal services in an appropriate manner depends on the proof, but at this stage, the court determines that the counterclaim, if not artfully drawn, does state a cause of action.
The motion to strike is denied.
Adams, J.