[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a motion to strike (#115) the defendant's Revised Counterclaim and Setoff dated December 10, 2002. For the reasons set forth below, the motion to strike must be granted.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496
(1985).
The complaint sets forth a cause of action for damages to the plaintiffs' property allegedly caused by floods which were aggravated by tree cutting which the defendant had done on his own property in 2001. The defendant filed a Revised Counterclaim and Setoff which sets forth two separate incidents of tree cutting by the plaintiffs: 1) in 2000 the plaintiffs had engaged someone to cut trees in a watershed on the plaintiffs' property adjacent to the defendant's property, and this person had left tops and limbs in the stream bed, thus contributing to the risk of flooding, erosion and siltation, and 2) in 1993 the plaintiffs had hired loggers who trespassed on the defendant's property and cut timber valued in excess of $6,000. The defendant claims damages and a setoff.
Practice Book Section 10-10 provides that any defendant may file a counterclaim "provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint." The allegations of cutting in the streambed in 2001 do arise out of the transaction which is the subject of the plaintiffs' complaint because it is alleged that this cutting contributed to the risk of flooding, erosion and siltation which is the basis of the plaintiff's complaint. But, since this cutting took place on the plaintiffs' own property, the counterclaim does not seek damages for this cutting. It is unclear why these allegations are even included in the counterclaim. It is more in the nature of a special defense. But the same allegations are already the subject of a special defense file by the CT Page 2386 defendant October 24, 2002. Therefore, the allegations of cutting in 2000 contained in the counterclaim do not set forth a valid basis for a counterclaim.
It is the allegations of tree cutting in 1993 on the defendant's land which set forth the real reason for the counterclaim. But, counsel for the defendant candidly admitted during oral argument that the alleged tree cutting in 1993 does not arise out of the transaction which is the subject of the plaintiffs' complaint. The tree cutting in 1993 is not alleged to have anything to do with flooding damages allegedly suffered by the plaintiffs in 2001. However, the defendant relies upon the language of C.G.S. Section 52-584 which sets forth the statute of limitations for injury to person or property and provides that ". . . except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." But, there is nothing in the language of this statute, nor in any case law cited by the defendant, which modifies the requirement of Section 10-10 of the Practice Book that any counterclaim must arise out of the transaction which is the subject of the plaintiffs' complaint. On this basis the motion to strike the counterclaim must be granted.
The defendant also calls his pleading a setoff. "Traditionally, the distinction between a setoff and a counterclaim centers around whether the claim arises from the same transaction described in the complaint. If the claim involves a debt which is mutual and liquidated, even though it arises from separate transactions, it is characterized as a setoff. See General Statutes § 52-139. If the claim arises out of the same transaction described in the complaint, it is characterized as a counterclaim. The title of the pleading is not controlling. The issue is, rather, whether sufficient facts are pleaded that would allow recovery either as a setoff or as a counterclaim." NorthwesternElectric, Inc. v. Rozbicki, 6 Conn. App. 417, 426 (1986) (citations omitted). The first problem with labeling this pleading a "setoff" is that it is not liquidated, even though the defendant has spelled out his losses down to the penny. A liquidated debt is one whose amount has been determined by agreement of the parties or by operation of law. Black's Law Dictionary, 7th Edition. The defendant's claim is an unliquidated claim for damages. But even if this defect could be avoided, C.G.S. Section 52-141 (c) (2) provides with respect to setoffs in civil actions for trespass to real or personal property or for tort, unaccompanied by force, resulting in consequential injury: "If a claimed set-off is not admitted or evidenced by judgment and is denied by the plaintiff, it shall not be allowed unless the defendant has instituted a suit therefore prior to the rendition of judgment in the original action. If any such suit is pending at the time of rendition of judgment for the plaintiff in CT Page 2387 the original action, the court rendering judgment shall stay execution thereof until the final termination of the suit. Upon termination of the suit, the court shall allow the set-off in the original action in accordance with the amount adjudged to be due on the set-off claim in the suit." Here, the defendant does not have a judgment on his claim and has not instituted a suit on his claim. The plaintiffs do not admit the claim. Therefore, the motion to strike the setoff must be granted.
 John W. Pickard Judge of the Superior Court
CT Page 2388