[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (NO. 113)
 FACTS
On August 24, 1998, the plaintiff, Hendriks Associates, LLC, filed an amended five count complaint against the defendant, Old Lyme Marina, Inc., alleging breach of a written contract (count one), breach of an oral contract (count two), quantum meruit (count three), unjust enrichment (count four) and a violation of CUTPA, General Statutes §42-110b (count five). On February 9, 1999, the defendant filed a revised answer, eight special defenses and eight counterclaims. The defendant alleges that it is a Connecticut corporation that operates a marina in Old Lyme, Connecticut. On February 6, 1997, and April 29, 1997, the defendant entered into two written contracts with the plaintiff, wherein the plaintiff agreed to provide engineering and surveying services and to provide the necessary architectural, mechanical and foundation plans for the erection of a new storage building on the property. When the parties entered into the contracts, the plaintiff represented to the defendant that it had the knowledge, skill and capability to perform all the work set forth in the contracts. The defendant alleges that as a result of the plaintiffs actions and inactions, the defendant has incurred and will continue to incur damages including cost overruns for the project, lost profits, lost jobs and rentable storage space. The defendant claims breach of contract (first counterclaim), negligence (second counterclaim), breach of the covenant of good faith and fair dealing (third counterclaim), misrepresentation (fourth, fifth and sixth CT Page 14924 counterclaims), recklessness (seventh counterclaim) and a violation of CUTPA (eighth counterclaim).
On June 5, 2000, the plaintiff filed a motion to strike the third and eighth counterclaims, pursuant to Practice Book § 10-39, on the grounds that they are legally insufficient. In the supporting memorandum of law, the plaintiff argues that the allegations in the third counterclaim do not amount to the requisite elements of a claim for breach of the covenant of good faith and fair dealing. The plaintiff argues that the third counterclaim is merely alleging negligence, which does not suffice to state a cause of action for bad faith. Furthermore, the plaintiff argues that the eighth counterclaim merely incorporates by reference the defendant's breach of contract, bad faith and innocent misrepresentation claims and the allegations set forth, whether separately or in the aggregate, fail to satisfy the cigarette rule" and do not amount to a violation of CUTPA. Moreover, the plaintiff argues that because the eighth counterclaim arises from services rendered in connection with a single project, the CUTPA claim is baseless because a single instance or even isolated instances of unfair trade practice do not warrant an action under CUTPA.
On June 13, 2000, the defendant filed a memorandum in opposition to the plaintiffs motion to strike. The defendant argues that the third counterclaim states a legally sufficient claim for breach of the covenant of good faith and fair dealing in that the allegations would permit proof that the plaintiff was not faithful to the common purpose of the contracts and that he acted in a manner inconsistent with the justified expectations of the defendant. The defendant argues that the allegations would further permit a finding that the plaintiff neglected or refused to perform his contractual obligations and that his motivations were not prompted by an honest purpose. Furthermore, the defendant argues that the allegations in the third counterclaim do not allege mere negligence or an honest mistake, but a pattern of neglect or refusal on the part of the plaintiff to fulfill his contractual obligations, prompted by a desire to receive continued payments from the defendant.
In addition, the defendant argues that the allegations in the eighth counterclaim support a cause of action under CUTPA in that they set forth unethical and unscrupulous actions on the part of the plaintiff, resulting in substantial injury to the defendant and the public. The defendant argues that although a simple breach is sufficient to support a CUTPA claim,[1] the defendant has pleaded a material breach of contract with continuing and substantial aggravating circumstances attending the breach, including continuing misrepresentations by the plaintiff as to his knowledge and ability to perform the contract. The defendant argues that the pleadings describe a pattern of acts by the plaintiff, who CT Page 14925 represented himself to be a professional and used that representation to deceive the defendant. The defendant argues that being a consumer who lacked surveying and engineering expertise, it was deceived into contracting and paying the plaintiff. The defendant argues that these egregious circumstances, combined with a breach, will support a CUTPA claim and survive a motion to strike.
Lastly, the defendant argues that notwithstanding the fact that there is a split of authority on whether a single act is covered by CUTPA, the defendant has alleged more than a single act or transaction. The defendant has alleged that a pattern of misrepresentations surrounding two contracts and multiple acts of breach, bad faith and misrepresentation.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495,496, 495 A.2d 286 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the [counterclaim]." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "[T]he court must accept as true the facts alleged in the [counterclaim]." Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v.Johnson, 53 Conn. App. 855, 859, 733 A.2d 869 (1999). "The court must construe the facts in the [counterclaim] most favorably to the [defendant]." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 580. "[I]f facts provable in the [counterclaim] would support a cause of action, the motion to strike must be denied . . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000).
"Every contract carries an implied covenant of good faith and fair CT Page 14926 dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement." (Internal quotation marks omitted.) Gupta v. New Britain General Hospital,239 Conn. 574, 598, 687 A.2d 111 (1996). "The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract." Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 16, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999). "Essentially it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Magnan v.Anaconda Industries, Inc., 193 Conn. 558, 567, 479 A.2d 781 (1984).
The absence of good faith is bad faith. Habetz v. Condon, 224 Conn. 231,236-37, 618 A.2d 501 (1992). "Bad faith means more than mere negligence; it involves a dishonest purpose." (Internal quotation marks omitted.)Gupta v. New Britain General Hospital, supra, 239 Conn. 598. "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." (Internal quotation marks omitted.) Habetz v. Condon, supra, 224 Conn. 237.
The third counterclaim alleges that the plaintiff breached the covenant of good faith and fair dealing in that it failed to provide architectural, mechanical and foundation plans that complied with the state building and fire codes and town ordinances; it failed to inform the defendant of the requirement of the presence of a special inspector during borings, resulting in cost overruns and a second set of borings; it committed numerous design errors resulting in cost overruns and work that had to be redone; and, it failed to inform the defendant of the added requirements and costs under the building code related to erecting a building over 5,000 square feet. These allegations do not allege that the plaintiff was prompted by an interested or sinister motive in its failure or neglect to fulfill its contractual obligations. Instead, the allegations sound in negligence in that they set forth what the plaintiff failed to do or what the plaintiff did incorrectly. These allegations fail to allege bad faith. See Gupta v. New Britain General Hospital,
supra, 239 Conn. 598 ("Bad faith means more than mere negligence; it involves a dishonest purpose.").
In its memorandum, the defendant argues that the allegations would permit a finding that the plaintiff was prompted by the dishonest purpose of receiving continuing payments from the defendant. This fact is not CT Page 14927 alleged, however, in the third counterclaim, and the court is limited to a consideration of the facts alleged in the counterclaim when ruling on a motion to strike. See Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). Accordingly, the motion to strike the third counterclaim is granted.
CUTPA is set forth in General Statutes § 42-110a et seq. General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110a (4) provides: "`Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." "The entire act is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." Willow Springs Condominium Association, Inc. v. Seventh BRTDevelopment Corp., 245 Conn. 1, 42, 717 A.2d 77 (1998).
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." (Internal quotation marks omitted.) S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise-in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons] . . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Brackets in original; internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-Bradley Co.,250 Conn. 334, 367-68, 736 A.2d 824 (1999).
The eighth counterclaim generally alleges that the plaintiffs acts and omissions occurred in its conduct of a trade or business as defined by General Statutes § 42-110a et seq., and those acts and omissions constitute, separately and together, unfair or deceptive acts or practices which violate § 42-110a et seq. The defendant alleges that because of the plaintiffs acts and omissions, the defendant has suffered CT Page 14928 ascertainable loss and is entitled to actual damages, punitive damages, costs, reasonable attorney's fees and such equitable relief as is proper under General Statutes § 42-110g. The eighth counterclaim is based on the incorporation of paragraphs one through five of the third special defense (breach of contract), paragraphs three through eight of the fourth special defense (breach of the covenant of good faith and fair dealing) and paragraphs three through five of the seventh special defense (innocent misrepresentation).
First, the breach of contract allegations do not amount to a CUTPA violation. "A simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act . . . ." Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc.,41 Conn. Sup. 575, 580, 595 A.2d 951 (1991), rev'd on other grounds,31 Conn. App. 455, 626 A.2d 307 (1993). "Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]." Morris v. Brookside Commons Ltd. Part.,
Superior Court, judicial district of Hartford at Hartford, Docket No. 581130 (February 2, 2000, Stengel, J.). "Moreover, [a] simple contract breach is not sufficient to establish a violation of CUTPA . . . where a count simply incorporates be reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy." (Internal quotation marks omitted.) Derrig v. Thomas Regional DirectoryCo., Superior Court, judicial district of Hartford at Hartford, Docket No. 583548 (June 22, 1999, Peck, J.). The defendant has failed to allege substantial aggravating circumstances attending the alleged breach that constitute a CUTPA violation and has failed to set forth how the plaintiffs conduct was immoral, unethical, oppressive, unscrupulous or offensive to public policy.
Second, the court has previously determined in this decision that the defendant has failed to allege a breach of the covenant of good faith and fair dealing. Therefore, none of these allegations support a CUTPA violation.
Third, the allegations of innocent misrepresentation do not rise to the level of a CUTPA violation. An allegation of innocent misrepresentation can amount to a CUTPA violation so long as the cigarette rule is satisfied. See Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575,583, 636 A.2d 1383 (1994).[2] See also Willow Springs CondominiumAssociation, Inc. v. Seventh BRT Development Corp., supra, 245 Conn. 43
("[A] party need not prove an intent to deceive to prevail under CUTPA."). CT Page 14929
With respect to the first criteria of the cigarette rule, the defendant does not allege a violation of public policy. Moreover, the Superior Court has held that "an innocent misrepresentation does not offend public policy as set forth in the common law, statutes or concepts of unfairness." Capitol Sweeping v. Superior Ground, Superior Court, judicial district of Waterbury, Docket No. 128805 (January 21, 1997,Vertefeuille, J.). With respect to the second criteria of the cigarette rule, the defendant generally alleges that the plaintiff innocently misrepresented that the plaintiff had the skill, knowledge and capability to perform the work it agreed to do, and the defendant reasonably relied on the misrepresentations to its detriment. The defendant has failed to allege that the plaintiffs actions rise to the level of immoral, unethical, oppressive or unscrupulous acts or practices. With respect to the third criteria of the rule, the defendant states conclusively in the eighth counterclaim that because of the plaintiffs acts and omissions, it "has suffered ascertainable loss and is entitled to damages . . . ." The defendant does not allege, however, that any practice of the plaintiff caused substantial injury to consumers, competitors or other business people. "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) D'Amico v. Johnson,
supra, 53 Conn. App. 859. The defendant's allegations fail to satisfy any of the criteria of the cigarette rule.
Construing the foregoing most favorably to the defendant, the motion to strike the eighth counterclaim is granted because the defendant has failed to allege sufficiently a violation of CUTPA.
 CONCLUSION
Based on the foregoing, the motion to strike the third and eighth counterclaims is granted.[3]
Martin, J.