[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 106)
Before the court is the defendant Ron Mason's motion to strike counts one and two of defendants Daniel and Beverly Kryzanskis' cross complaint. On July 7, 1999, defendant Daniel Kryzanski ("Kryzanski") and plaintiff, Frank Carlo ("Carlo"), executor of the estate of Charles Carlo, plaintiff's decedent, signed an offer for the Kryzanskis to purchase property owned by the decedent's estate. In reliance on this offer, Kryzanski put his own house on the market. And in September, 1999, Kryzanski secured a buyer for his house. Prepared to close on his purchase of the estate's property, he was then informed that the estate's property could not be sold until a probate matter was resolved. The following month Kryzanski signed a contract to purchase the estate's property and sent a check for $5,000 to Frank Carlo's agent, Attorney Gene Citrano.
At the end of November, Carlo agreed to let the Kryzanskis move into the property prior to the closing date for a rent of $50.00 per day. The Kryzanskis moved in on November 23, 1999. The following day Kryzanski met Ron Mason, the decedent's son-in-law. Mason proceeded to scream and yell at Kryzanski for moving onto the property. Mason continued his assault on Kryzanski, after the probate hearing on December 2, 1999, where he expressed his discontent with Daniel Kryzanski for buying the house for a lower price than Mason had offered.
On December 8, 1999, Citrano informed Kryzanski for the first time that there was a sewer assessment in excess of $5,000 on the property and that Kryzanski was expected to pay the assessment or the closing would not occur and the contract would be terminated. Citrano wrote a letter to the Kryzanskis' attorney dated December 9, 1999, stating that the contract to purchase the property was terminated and the seller would retain the CT Page 829 deposit. That same day Citrano had a notice to quit the property served on the Kryzanskis. The Kryzanskis allege that Citrano's conduct in notifying them of the status of the sewer assessment, that the contract was terminated and serving them with the notice to quit was done at the request of and on the behalf of Mason, rather than his client Carlo.
Carlo instituted the present action against Daniel and Beverly Kryzanski in small claims court. In his complaint, Carlo alleges that the closing on the property took place on December 16, 1999, and that Kryzanski took possession of the premises in November, 1999, without the consent of Carlo or Citrano. Carlo claims that Kryzanski refuses to give him personal property that was on the premises when Kryzanski took possession and refuses to pay him for the oil that was in the oil tank pursuant to the contract. The Kryzanskis filed a motion to transfer the case to Superior Court, which was granted on February 17, 2000. On May 9, 2000, the court, Melville, J., granted the Kryzanskis' motion to cite in Mason and Citrano as cross claim defendants. On July 7, 2000, the Kryzanskis filed the three count cross complaint against Mason and Citrano. In counts one and two, the Kryzanskis allege causes of actions against Mason and Citrano for tortious interference with a contract and negligent misrepresentation. Count three alleges a cause of action against Citrano for violation of the Connecticut Unfair Trade Practices Act. On August 7, 2000, Mason filed a motion to strike the causes of actions asserted against him in counts one and two of the cross complaint and a supporting memorandum of law. The Kryzanskis filed an objection to the motion to strike and an opposing memorandum of law. The court heard oral argument on the motion on September 5, 2000.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim Practice Book § 152 [now Practice Book (1993 rev.) § 10-39]."Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 236 (1935). In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint, counterclaim or cross-claim], construed in favor of the [nonmoving party] to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex MutualAssurance Co., 242 Conn. 375, 373, 693 A.2d 859 (1997). "A motion to strike admits all facts well pleaded; it does not admit legal conclusionsor the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 538, 693 A.2d 293 (1997). Thus, "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardCT Page 830J. Peters. Jr., P.C., 252 Conn. 623, 627-23, 749 A.2d 630 (2000)
In count one of the cross complaint, the Kryzanskis assert causes of action against Mason and Citrano for tortious interference with a contract. They allege that they had a contract with Frank Carlo for the sale of the property, that Mason and Citrano were aware of the contract and that they intentionally interfered with it. The Kryzanskis allege that Mason and Citrano acted with malice, misrepresented facts and attempted to intimidate them and that in so doing they acted without justification and with improper motive. The Kryzanskis allege that this conduct delayed the closing on the property which resulted in monetary losses to them. In his motion to strike, Mason first argues that the allegations in count one are legally insufficient because the interference with the contract the Kryzanskis refer to was committed by Citrano, not Mason. In opposition, the Kryzanskis argue that count one is legally sufficient because they allege facts which support the elements of a cause of action for tortious interference with a contract.
The Connecticut Supreme Court "has long recognized a cause of action for tortious interference with contract rights or other business relations." (Internal quotation marks omitted.) Daley v. Aetna Life andCasualty Co., 249 Conn. 766, 805, 734 A.2d 112 (1999). "A claim for tortious interference with contractual relations requires the plaintiff to establish (1) the existence of a contractual or beneficial relationship, (2) the defendants' knowledge of that relationship, (3) the defendants' intent to interfere with relationship, (4) the interference was tortious, and (5) a loss suffered by the plaintiff that was caused by the defendants' tortious conduct. . . . Unlike other torts in which liability gives rise to nominal damages even in the absence of proof of actual loss . . . it is an essential element of the tort of unlawful interference with business relations that the plaintiff suffers actual loss." (Citation omitted; internal quotation marks omitted.) Appleton v.Board of Education, 254 Conn. 205, 212-213, 757 A.2d 1059 (2000).
The court has held, however, that "not every act that disturbs a contract or business expectancy is actionable . . . [F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . . The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will but intentional interference without justification." (Citations omitted; internal quotation marks omitted.) Daley v. Aetna Life andCasualty Co., supra, 249 Conn. 805-806. CT Page 831
In count one, the Kryzanskis specifically allege that Mason directed Citrano to terminate the contract in an attempt to intimidate them and interfere with their contract. They allege that Mason directed Citrano to send them a letter stating that his client was terminating the agreement and to have a notice to quit served on them. These allegations are sufficient and support the Kryzanskis' contention that Mason tortiously interfered with their contract.
Mason also contends that count one is insufficient because the Kryzanskis eventually closed on the property and thus he could not have interfered with the contract. It can be inferred from the Kryzanskis' allegations that they contend that Citrano and Mason's conduct resulted in a delay in the sale of the property and that this delay resulted in damages to them. An allegation that the defendant's interference delayed the completion of a contract may be sufficient to allege harm as long as the delay resulted in loss and was caused by the defendant's conduct. SeePar Painting, Inc. v. Greenhorne O'Mara, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 545342 (October 21, 1993, Aurigemma, J.). Accordingly, cross complainant defendant Mason's motion to strike the cause of action asserted against him in count one of the cross complaint is denied.
In count two, the Kryzanskis assert a causes of action against Mason and Citrano for negligent misrepresentation They allege that Mason made false and negligent misrepresentations to them about assessments against the property, about Carlo's statements and about their ability to move onto the property. The Kryzanskis allege Mason knew or should have known that the Kryzanskis would rely on these misrepresentations and that they justifiably relied on these misrepresentations in signing the contract to purchase the property, maintaining it and moving into it. Mason argues count two is legally insufficient because the status of the sewer assessments are public knowledge, the Kryzanskis had access to this information and had no reason to rely on Mason's misrepresentation because Mason is not a party to the contract. Thus, Mason contends that the Kryzanskis have not plead facts sufficient to establish that the Kryzanskis reasonably relied on the representations he allegedly made to them.
The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation. We have held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . The governing principles are set forth in similar terms in § 552 of the Restatement (Second) of Torts (1977) One who, in the course of his business, profession or employment [or in any other transaction in which he has a pecuniary interest] supplies false information for the guidance CT Page 832 of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Citations omitted; internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 575-76, 657 A.2d 212 (1995). As noted by the court, the pleading party is not required to "use the precise language of the Restatement Second to establish a claim for negligent misrepresentation. . . . To the contrary, the case law in numerous jurisdictions suggests that courts liberally construe the pleadings in a way so as to sustain such a claim. . . ." D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 219, 520 A.2d 217 (1987).
Although the courts have concluded "that no special relationship is required to state a claim of negligent misrepresentation, the plaintiff must allege and prove that the reliance on the misstatement was justified or reasonable. We have consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances. (Citations omitted.) Williams Ford, Inc. v. Hartford Courant Co., supra, 232 Conn. 579-80. In this case, construing the allegations of the cross complaint in favor of the Kryzanskis, it is apparent that the Kryzanskis' factual allegations support a claim of negligent misrepresentation capable of withstanding an attack at the pleading stage. They allege that they relied on misrepresentations made by Mason in deciding to buy the property and were damaged in reliance thereof. Therefore, the cross complainant defendant Mason's motion to strike count two of the cross complaint is denied.
In conclusion, defendant Mason's motion to strike counts one and two of the cross complaint is denied in its entirety.
SKOLNICK, J.