[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO STRIKE
By motion the plaintiffs ask this court to strike counts one (tortious interference of a business expectancy) and two (Connecticut Unfair Trade Practices Act [CUTPA]) of the defendants' counterclaim. The defendant submitted a memorandum in opposition to this motion and the parties presented for oral argument before this court on July 29, 2002.
FACTS
On July 26, 2001, the plaintiffs, Handex Environmental, Inc. and Handex of Connecticut, Inc. filed a six count complaint against the defendants, Sheryl Hardman (Hardman), Robert Colburn (Colburn) and Sovereign Consulting, Inc. (Sovereign) as a result of injuries allegedly sustained by the plaintiffs when Hardman and Colburn left the plaintiffs' employ and began working for Sovereign. The plaintiffs also filed an application for immediate injunctive relief on July 26, 2001. Counts one and two, breach of contract, are brought against Colburn and Hardman respectively. The plaintiffs allege that by accepting employment at Sovereign, Hardman and Colburn violated various terms of the employment contract each had signed pursuant to their employment with the plaintiffs. Counts three (intentional interference with contractual relations); four (intentional interference with advantageous business relations); and five (CUTPA) are brought against Sovereign. Count six seeks injunctive relief.
On August 7, 2001, the defendants filed their answer, special defenses and a two count counterclaim. Count one of the counterclaim alleges that the plaintiffs engaged in tortious interference of Sovereign's business by stifling lawful business activities and illegally restraining trade through the plaintiffs' improper and unlawful filing of the under lying suit and through the unlawful use of oppressive employment contracts. Count two of the counterclaim alleges that the plaintiffs' attempt to hold Hardman and Colburn to the non-competition agreements and prevent CT Page 14689 them from working at Sovereign is oppressive and offends public policy in violation of CUTPA. The defendants also allege that the plaintiffs' attempts to prevent Sovereign from hiring qualified employees is a CUTPA violation because it is unethical and is an unfair method of competition.
On August 22, 2001, the plaintiffs filed a motion to strike counts one and two of the counterclaim on the ground that these counts fail to state a claim upon which relief can be granted because these counts are actually claims for vexatious litigation and the underlying action has not terminated in the defendants' favor.[1] Additionally, the plaintiffs move to strike count one on the ground that the defendants have failed to allege that the plaintiffs' claimed tortious misconduct has caused the defendant to suffer actual loss. The plaintiffs filed a memorandum in support of their motion to strike. On July 3, 2002, the defendants filed a memorandum of law in opposition to the plaintiffs' motion to strike.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Macomber v. TravelersProperty Casualty Corp., 261 Conn. 620, 629, 803 A.2d 311 (2002). "A motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985).
"It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." (Internal quotation marks omitted.) Cotto v. United Technologies Corp.,48 Conn. App. 618, 624, 711 A.2d 1180 (1998), aff'd 251 Conn. 1,738 A.2d 623 (1999). "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. . . . The role of the trial court [is] to examine the [complaint], construed in favor of the [pleader], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Citation omitted; internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., CT Page 14690242 Conn. 375, 378, 698 A.2d 859 (1997).
 I COUNT ONE — TORTIOUS INTERFERENCE
The plaintiffs argue that the defendants failed to sufficiently allege actual loss in order to support a claim for tortious interference. Additionally, the plaintiffs argue that the motion to strike should be granted as to count one because the defendants' claim of tortious interference relies on the underlying litigation.[2] The defendants argue in opposition that count one is "not merely premised upon the fact that [the] [p]laintiffs filed a frivolous lawsuit." (Defendants' Memorandum in Opposition to Plaintiffs' Motion to Strike, p. 13). The defendants assert that in addition to alleging that the plaintiffs have engaged in vexatious litigation, they have also alleged that the plaintiffs have unlawfully restrained trade and interfered with Sovereign's business relations with one of its customers, Equiva. Additionally, the defendants argue that they have sufficiently alleged that the plaintiffs' conduct caused substantial damage.
"It is well established that the elements of a claim for tortious interference with business expectancies are: (1) a business relationship between the plaintiff and another party; (2) the defendant's intentional interference with the business relationship while knowing of the relationship; and (3) as a result of the interference, the plaintiff suffers actual loss." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20,27, 761 A.2d 1268 (2000). "An action for tortious interference with a business expectancy is well established in Connecticut. . . . A cause of action for tortious interference with a business expectancy requires proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously. . . . A defendant is guilty of tortious interference if he has engaged in improper conduct. . . . [T]he plaintiff [is required] to plead and prove at least some improper motive or improper means." (Citations omitted; internal quotation marks omitted.) Biro v. Hirsch, 62 Conn. App. Ii, 21, 771 A.2d 129, cert. denied, 256 Conn. 908, 771 A.2d 129
(2001).
In count one of its counterclaim, the defendants allege that the plaintiffs filed the underlying suit to interfere with their lawful business activity. The defendants allege that the plaintiffs have intentionally interfered with Sovereign's business relationship with Equiva, an international petroleum company. Count one further alleges that Colburn and Hardman, in the course of their employment with the CT Page 14691 plaintiffs, were made to sign employment agreements containing oppressive, over-broad and unlawful provisions that restrained their ability to seek other employment in the same field. The defendants have not, however, alleged facts to support the allegation that the plaintiffs' conduct has caused actual damage.
"Stated simply, to substantiate a claim of tortious interference with a business expectancy, there must be evidence that the interference resulted from the defendant's commission of a tort." (Internal quotation marks omitted.) Biro v. Hirsch, supra, 62 Conn. App. 21. "It is an essential element of the tort of unlawful interference with business relations that the plaintiff suffered actual loss, i.e., damage . . . that, except for the tortious interference of the defendant, there was a reasonable probability that the plaintiff would have entered into a contract or made a profit." (Citations omitted; internal quotation marks omitted.) DiNapoli v. Cooke, 43 Conn. App. 419, 428, 682 A.2d 603, cert. denied, 239 Conn. 951, 686 A.2 124 (1996), cert. denied, 520 U.S. 1213,117 S.Ct. 1699, 137 L.Ed. 825 (1997).
In count one, the defendants allege that as a result of the plaintiffs' actions, "Sovereign has suffered substantial damages." (Counterclaim, Count One, ¶ 28). The defendants do not support this legal conclusion with facts. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novemetrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The plaintiffs' motion to strike count one of the defendants' counterclaim is therefore granted.
 II COUNT TWO — CUTPA
The plaintiffs move to strike count two, CUTPA, on the ground that it fails to state a cognizable cause of action because this claim "is nothing more than a thinly-veiled attempt to avoid the rigors of vexatious litigation doctrine." (Plaintiffs' Memorandum of Law in Support of its Motion to Strike, p. 9). The plaintiffs further argue that the defendants submitted the counterclaim in retaliation of the underlying lawsuit.
The defendants argue in opposition that they have sufficiently pleaded a CUTPA cause of action and that they have alleged that the plaintiffs' acts and practice proscribed by CUTPA consist of more than the commencement of the underlying suit. The defendants contend that they have alleged that the plaintiffs forced Hardman and Colburn to sign CT Page 14692 non-competition agreements that are unduly oppressive and offensive to public policy. The defendants further argue that the plaintiffs have not moved to strike count two on the ground that it fails to support a cause of action for a CUTPA violation.
The plaintiffs have improperly moved to strike count two of the defendants' counterclaim. "[T]he proper way to cure any confusion regarding the nature of what is being pleaded in the complaint is to file a [request] to revise, not a motion to strike . . . If a request to revise had been granted and complied with, the [plaintiffs] would then be in a position to move to strike any count of the [defendants'] revised [counterclaim] pertaining to their respective liabilities for which the [defendants were] unable to allege the necessary prerequisites. . . . Thus, the [plaintiffs] should have filed a request to revise to differentiate facts alleging vexatious litigation from facts alleging the causes of action named in [count two]." (Citations omitted.) Sachtjen v.Saverin, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV 99 0364004 (January 5, 2000, Melville, J.); see also Practice Book § 10-35. Accordingly, the plaintiffs' motion to strike count two of the defendants' counterclaim is denied.
 ___________________ WOLVEN, JUDGE